U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - MONROE

SEP 17 2021

TONY R. MOORE, CLERK
BY_____
    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANNON EVERFIELD, | CIVIL ACTION NO. 3:21cv3337 |
| *Plaintiff* | SECTION |
| V. | |
| ARTHRITIS CLINIC & LAB INC., | JUDGE |
| *Defendant* | MAG JUDGE |

## COMPLAINT

Plaintiff, Shannon Everfield, *pro se*, brings forth her first complaint, against Defendant, ARTHRITIS CLINIC & LAB INC., for violating the Rehabilitation Act 29 U.S.C. § 701 *et seq* on the basis of disability discrimination, and Title VII of the Civil Rights Act, as amended by the Pregnancy Discrimination Act, § 2000e(k) of Title VII of the Civil Rights Act of 1964 as amended in 1978, for discriminating against her on the basis of sex.

## PARTIES

1. Plaintiff, SHANNON EVERFIELD (Everfield), is a resident of Ouachita Parish, Louisiana.

2. Defendant, ARTHIRTIS CLINIC & LAB, INC. (ACL), is a Louisiana incorporated company in the business of providing health care services.

## JURISDICTION AND VENUE

3. This action arises under the Rehabilitation Act 29 U.S.C. § 701 *et seq*, Title VII of the Civil Rights Act and Title VII, as amended, 42 U.S.C. § 2000(e), et seq. As such, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4).

4. Venue is proper in the United District Court of the Western District of Louisiana, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Monroe, Louisiana.

## FACTS

5. Shannon Everfield began her employment with ACL as a Phlebotomist in May 2020. ACL is a health care clinic in Monroe, La, providing patients with medical care for rheumatologic and diabetic diseases.

6. On June 30, 2020, Everfield informed ACL that she was pregnant.

7. On September 11, 2020, Everfield suffered a medical emergency arising from complications connected to her pregnancy. As a result, her physician placed her on a two week medical leave and gave notice to ACL that Everfield could return to work on September 28, 2020.

8. On the fifth day of her medical leave, on September 17, 2020, ACL terminated Everfield.

9. On or about October 2020, Everfield filed a complaint with the EEOC against ACL on the basis of pregnancy discrimination. At the time, the EEOC did not have any interview dates available which it could offer Everfield and therefore she was not scheduled for an EEOC interview for several months.

10. Thereafter, Everfield regularly contacted the EEOC to check on her claim, in particular when she would be scheduled for an interview but no dates were available on the EEOC portal. Acknowledging the lack of interview dates, the EEOC simply advised her to continue to check the portal for new openings, but was unable to give her a target date for an interview.

11. After months of waiting, on or about December 4, 2020, Everfield was given an interview date with an investigator, which was set for February 26, 2021.

12. On February 26, 2021, Everfield was interviewed by the EEOC for purposes of effecting her charge against ACL on the basis of pregnancy discrimination.

13. During the EEOC's interview, the investigator made several attempts to discourage her from pursuing her charge, including questioning whether Everfield had "actually suffered any harm" by ACL's decision to terminate her and even telling Everfield that "maybe ACL would rehire [Everfield] now that the baby was born."

14. Everfield made clear to the investigator that she wished to pursue her charge of discrimination on the basis of pregnancy and therefore, when the interview concluded, she was under the impression that the investigator would proceed with the investigation of her claim of pregnancy discrimination.

15. From February 26, 2021 until July 2021, the EEOC did not contact or provide any information to Everfield. When Everfield attempted to file another complaint with the EEOC against ACL in July 2021, the EEOC advised Everfield that her claim against ACL was still open.

16. On July 29, 2021, an EEOC investigator advised Everfield that her charge against ACL was now available through the EEOC portal. Everfield was unable to retrieve the charge from the portal resulting in further delay until the EEOC provided her with a copy via email.

17. On August 12, 2021, Everfield signed the charge against the ACL and forwarded it to the EEOC investigator. *Exhibit A*.

18. On August 26, 2021, the EEOC dismissed Everfield's charge against ACL as untimely. *Exhibit B.*

## COUNT ONE: REHABILITATION ACT

19. Everfield realleges and incorporates Paragraphs 1-18.

20. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, ("Rehabilitation Act") provides that no "otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance," including public systems of higher education. 29 U.S.C. §§ 794(A), (b)(2)(A).

21. At all times relevant to this Complaint, ACL was subject to the requirements of the Rehabilitation Act based on its receipt of federal financial assistance. Accordingly, it is subject to the requirements of § 504 of the Rehabilitation Act.

22. At all times relevant to this Complaint, Plaintiff was a disabled individual within the meaning of the Rehabilitation Act, and she was a qualified individual with physical or mental impairments which substantially limit one or more of her major life activities.

23. At all pertinent times, Everfield performed the functions of her job competently and was more than qualified.

24. Everfield could have continued to perform the essential functions of her position with a reasonable accommodation from her employer: namely, the ability to remain on medical leave from September 17, 2020 to September 28, 2020, to treat her medical complications connected to her pregnancy.

25. ACL intentionally discriminated against Everfield because of her disability.

26. Everfield's Rehabilitation Act Claim is timely as she was terminated on September 17, 2020. 29 U.S.C. § 701 *et seq*.

## COUNT TWO: PREGNANCY DISCRIMINATION

27. Everfield realleges and reincorporates Paragraphs 1 through 26.

28. Everfield brings this action under § 2000e(k) of Title VII of the Civil Rights Act of 1964 as amended in 1978 (The Pregnancy Discrimination Act).

29. As a result of the EEOC's failure, Everfield's charge against ACL on the basis of sex-based discrimination was not processed within the 300 days of ACL's adverse employment action against her. The EEOC dismissed this matter as untimely which fact was solely the failure of the EEOC despite the fact that Everfield filed the complaint timely but that the EEOC failed to process in a way that would reflect the timeliness of her complaint which was started on October 2020. For this reason, as more fully discussed below, Everfield's charge should be considered timely.

30. The Fifth Circuit recognizes that tolling the time period for filing a discrimination charge with the EEOC may be appropriate when the EEOC makes misleading statements to the claimant or mishandles the processing of a charge. *Harrison v. Estes Express Lines*, 211 F. App'x 261, 264 (5th Cir.2006) (citing *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir.1995)), *see also Granger v. Aaron's Inc.*, No. 1:09-cv-01634, 2010 WL 2464832, (W.D. LA. June 14, 2010)

31. Here, the EEOC Investigator who interviewed Everfield on February 26, 2021, actively and persistently discouraged Everfield from filing her complaint against ACL despite Everfield's statement to the contrary and the fact that ACL terminated Everfield while she was on medical leave for complications arising from her pregnancy. Moreover,

following the interview, the EEOC left Everfield in the dark as to the process following the interview, and otherwise made no effort to inform Everfield that it had not formalized her charge, or that it would not investigate her claim of discrimination. In fact, the contrary is true: the EEOC lead her to believe all was well when on July 29, 2021 it produced a charging document to be signed by Everfield, which she did. Then, the EEOC promptly denied the claim as untimely. Accordingly, under the Doctrine of Equitable Tolling, the demands of justice would be served by the exercise of this Court's equity powers to find Everfield's charge of sex-based discrimination timely, otherwise Everfield will have no relief available for her.

32. Title VII of the Civil Rights Act prohibits discrimination in employment, either in hiring, firing, or the terms, conditions or privileges of the employment "because of an individual's sex." 42 U.S.C. §2000e-2. As amended by the Pregnancy Discrimination Act, on the basis of sex includes because of, or on the basis of, pregnancy, childbirth, or related medical conditions for all employment related purposes. 42 U.S.C. § 2000e(k).

33. ACL violated the Pregnancy Discrimination Act by terminating Everfield while she was on medical leave for complications arising from her pregnancy on September 17, 2020.

34. As a direct and proximate result of ACL's actions, Everfield suffered and continues to suffer from personal embarrassment, injury to reputation, mental anguish, severe emotional distress and loss of income and benefits.

35. At the time when the events evincing pregnancy discrimination occurred, Everfield was employed by Arthritis Clinic & Lab, Inc. which would therefore be liable to Everfield under Title VII for such actions.

## REQUESTED RELIEF

Plaintiff, Shannon Everfield, requests that judgment be entered against Defendant and that this Court grant the following:

I. Declaratory Relief

II. Judgment Against Defendant for Plaintiff's Asserted Cause of Actions

III. Compensatory Damages

IV. Punitive Damages

V. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and 29 U.S.C. §794a(b)

VI. Judicial Interest

VII. Order such and further relief, at law or in-equity, to which Plaintiff may be justly entitled

**Dated: September 16, 2021**

**RESPECTFULLY SUBMITTED:**

*Shannon Everfield*
SHANNON EVERFIELD
129 Meredith Street
Monroe, Louisiana 71202
(318) 547 6817
www.sinnabee2020@gmail.com

**PLEASE SERVE**

THE ARTHRITIS CLINIC & LAB
STEPHEN NORTH, REGISTERED AGENT
1800 HUDSON LANE
SUITE 300
MONROE, LA 71201